**STATE of Tennessee ex rel. Elliott OZMENT**

v.

**Dorothy RAND et al.**

Supreme Court of Tennessee.

June 28, 1978.

Wayne B. Glasgow, Jr., Berry & Berry, Franklin, Crawford, Ozment & Bolin, Nashville, for appellant.

Brooks McLemore, Jr., Atty. Gen., Kenneth R. Herrell, Asst. Atty. Gen., Nashville, for appellees.

## OPINION

HENRY, Chief Justice.

In this mandamus action the sole question is whether a candidate who, pursuant to § 2–509, T.C.A., requests that his name not appear on the ballot may withdraw his request and have his name restored to the ballot. The Chancellor responded in the negative. We affirm.

### I.

On June 1, 1978, Elliott Ozment filed his qualifying petition as a candidate for membership in the House of Representatives of the Congress of the United States. At this time the incumbent congressman, Clifford Allen, was hospitalized as a result of an acute heart condition and was reported to be in critical condition. Subsequently, it developed that Congressman Allen was making satisfactory progress toward a recovery and he announced that he would be a candidate for reelection. Because of this development Ozment asked the Election Commission of the counties comprising the Fifth Congressional District to withdraw his name as a candidate.

On June 18, 1978, Congressman Allen died; and on the following day, Ozment filed a rescission or revocation of his withdrawal with the respective election commissions. The Davidson County Commission declined to honor Ozment's request. This suit ensued.

### II.

Section 2–509, T.C.A., provides, in pertinent part:

Each qualified candidate's name shall be placed on the ballot . . . unless the candidate dies . . . or unless the candidate *requests in writing that his name not appear on the ballot and files his request with each of the officers with whom he filed nominating petitions* . . . A candidate's request to withdraw shall be filed no later than twelve (12) noon prevailing time on the seventh day after the qualifying deadline for the election.[1] (Emphasis supplied.)

It will be noted that the action of a candidate in withdrawing operates *per se* to preclude his name from being placed on the ballot. Nothing further need be done; the Election Commission has no discretion about the matter. Nor may a candidate's name be removed in any other way or at any other time.

Ozment's withdrawal was absolute, unequivocal and unconditional:

I hereby certify that I wish to withdraw my name as a candidate for U.S. Representative for the 5th Congressional District of Tennessee in the Democratic Primary, and I *hereby direct the Election Commission in Cheatham, Robertson and Davidson Counties to remove my name from the Democratic Primary ballot.* (Emphasis supplied.)

/s/ Elliott Ozment
/t/ Elliott Ozment

This certificate left no doubt as to intent; the respective election commissions had no discretion. Upon its filing Ozment

1. Ozment's written request was so filed.

ceased to be a candidate, and he was in precisely the same position as if he had not originally qualified. We cannot read into the statute a provision for reinstatement where the legislature provided for none.

It is in the public interest that good people offer themselves as candidates for public office, and maximum participation in the elective process is a worthy objective, but the orderly administration of the election laws of our state demands that statutory requirements relating to candidacy be met. There must be stability in the elective process. To this end the Legislature has wisely imposed conditions, restraints and deadlines.

In effect, we are asked, on a limited basis, to reopen the qualification procedure and let all who had previously qualified and withdrawn reinstate their respective candidacies. Fundamental fairness would demand that if the process is reopened for this group, it be reopened for all and the result would be an unwarranted court-decreed exception to the statutory scheme for the qualification of candidates.

█ The Legislature took note of the situation produced by the withdrawal or death of a candidate and, by § 2–511(c), T.C.A., provided, in part:

> If a candidate in a primary or non partisan general election dies after the qualifying deadline . . . leaving only one (1) candidate or no candidates for the nomination or office, additional candidates may qualify for the election for that nomination or office by filing their petitions . . . no later than twelve noon prevailing time on the twentieth day before the election.

When this section is read in conjunction with § 2–509, there is no escape from the conclusion that the legislative scheme is that so long as the death of a candidate leaves two or more competing candidates, they, and they alone, will constitute the candidates to be voted upon by the electorate. We cannot read more into the comprehensive election code of our state. To do so would be an invasion of the province of the Legislature.

The action of the Chancellor in declining to issue the peremptory writ of mandamus is affirmed.

The election commissions of Robertson and Cheatham Counties are not named parties to this controversy, and technically this opinion is not binding upon them. We would suggest, however, that this opinion accurately reflects the applicable law. The public interest in an orderly election demands that they be bound by the result we reach. Permitting the election commissions of these two counties to restore the names of withdrawn candidates to the ballot would result in voter confusion and in a very real sense would operate to disfranchise all voters in those counties who elected to cast their votes for any withdrawn candidate. Time is now of the essence. Ballots must be printed, the absentee voting process must be commenced, and final arrangements for conducting the election must be made. The public interest demands that this controversy be concluded and that the highly significant matter of the selection of a Representative in Congress from the Fifth Congressional District of Tennessee be accomplished through the use of uniform ballots.

Affirmed.

FONES, COOPER, BROCK and HARBISON, JJ., concur.